**Sorto v SCI Funeral Servs. of N.Y., Inc.**

2026 NY Slip Op 30671(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 160601/2021

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART 11M |
| *Justice* | |

-----------------------------------------------------------------------------------X

SAUDY ADONAY ALBERTO SORTO,

                      Plaintiff,

                - v -

SCI FUNERAL SERVICES OF NEW YORK, INC, SERVICE
CORPORATION INTERNATIONAL, NEW YORK FUNERAL
CHAPELS, LLC D/B/A RIVERSIDE MEMORIAL CHAPEL,

                      Defendant.

-----------------------------------------------------------------------------------X

NEW YORK FUNERAL CHAPELS, LLC D/B/A RIVERSIDE
MEMORIAL CHAPEL

                      Plaintiff,

                -against-

SKYLINE RESTORATION INC.

                      Defendant.

-----------------------------------------------------------------------------------X

NEW YORK FUNERAL CHAPELS, LLC D/B/A RIVERSIDE
MEMORIAL CHAPEL

                      Plaintiff,

                -against-

                      Defendant.

-----------------------------------------------------------------------------------X

**INDEX NO.** 160601/2021

**MOTION DATE** 09/22/2025

**MOTION SEQ. NO.** 005

## DECISION + ORDER ON MOTION

Third-Party
Index No. 595072/2022

Second Third-Party
Index No. 595771/2022

The following e-filed documents, listed by NYSCEF document number (Motion 005) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 181

were read on this motion to/for         SUMMARY JUDGMENT(AFTER JOINDER     .

       Upon the foregoing documents, the motion is granted in part.

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL**
**Motion No.  005**

**Page 1 of 5**

1 of 5

[* 1]

## Background

This motion arises out of a Labor Law case involving a fall from a scaffold platform. Plaintiff is a painter/mechanic, and on July 8, 2021, he was working on a construction site on premises owned by SCI Funeral Services of New York, Inc. ("SCI" or "Owner"). It was Plaintiff's understanding that while he was working there, he was employed by Skyline Restoration s/h/b, Inc. ("Skyline" or "Employer"). Skyline disputes this allegation and claims that the subcontractor Magella Construction Corp. ("Magella") is the true employer. On July 8th, Plaintiff and his now-deceased coworker Roberto Rivas were cleaning an area of scaffold. He tripped over several bricks that had been removed by workers or had fallen from the building. Plaintiff claims that Mr. Rivas was supposed to place the bricks in a removal bag but that this had not been done.

### *Relevant Procedural Background*

Plaintiff filed this underlying proceeding in November of 2021. That January, Riverside filed an answer with cross-claims. Riverside has filed a second third-party complaint asserting claims against OneTeam, who has answered and in turn filed a third third-party complaint against Magella. Magella has been properly served but has failed to answer or appear in this action. The Workers Compensation Board has issued a determination stating that Skyline is the Plaintiff's employer. This determination was affirmed on appeal.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to

160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL     Page 2 of 5
Motion No.  005

2 of 5

[* 2]

judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

In this motion, OneTeam moves for summary judgment in their favor dismissing Plaintiff's Labor Law claims against them. They also seek to dismiss any and all cross-claims, counterclaims, and third-party claims against them in this action, arguing that they did not perform any work on the project and had not involvement in the supervision, direction or control of Plaintiff's work on the date of the incident. Finally, they seek a default judgment against Magella. Plaintiff has not opposed the motion. Defendants and second third-party plaintiffs Riverside and Skyline have submitted partial opposition to the motion, arguing that their claims against OneTeam for indemnification, contribution, and breach of contract should not be dismissed. For the reasons that follow, Plaintiff's claims asserted against OneTeam are dismissed, OneTeam is granted default judgment on liability as against Magella Construction Corp., and the motion is otherwise denied.

*OneTeam Has Established Prima Facie Entitlement to Summary Judgment Dismissing Plaintiff's Claims Against Them*

The first issue before the Court is whether OneTeam has met its burden in establishing prima facie entitlement to the dismissal of Plaintiff's claims against it. OneTeam argues that it was not an owner, general contractor, nor statutory agent for the project, and that they did not supervise, direct or control the injury-producing work. These allegations are supported by the

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL**
**Motion No.  005**

**Page 3 of 5**

3 of 5

testimony of OneTeam's employee Mr. Rojas. Because Plaintiff failed to dispute these allegations or this motion, dismissal of Plaintiff's Labor Law and common-law negligence claims against OneTeam is proper. *See, e.g., Cappabianca v. Skanska USA Bldg. Inc.*, 99 A.D.3d 139, 143 – 44 [1st Dept. 2012] (noting that such claims attach to owners or general contractors when they have actual or constructive knowledge of the dangerous condition or actually exercised supervisory control over the injury-producing work).

*Dismissal of Riverside and Skyline's Claims Against OneTeam Now Would Be Premature*

OneTeam moves here to dismiss the claims that Riverside and Skyline have asserted against it. OneTeam also moves for summary judgment on its cross-claims and counterclaims for contribution and indemnification that are asserted against Skyline and Riverside. This portion of the motion is opposed by Skyline and Riverside. They argue that the reason that OneTeam did no work on the site was that they subcontracted their work to Magella, and therefore the contractual indemnities between the parties applies. Because here there are issues of fact that go to Riverside and Skyline's liability for Plaintiff's claims, and issues of fact that go to whether the subcontracting of work to Magella negates indemnification, dismissal of these claims at this stage would be premature. But because Magella has failed to answer or appear in this action, the allegations made against it in the third third-party complaint are deemed true, and OneTeam is entitled to a default judgement against Magella as to liability. Accordingly, it is hereby

ADJUDGED that the motion is granted in part; and it is further

ADJUDGED that plaintiff Saudy Adonay Alberto Sorto's claims asserted against OneTeam Restoration Inc. are dismissed; and it is further

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL**
**Motion No.  005**

**Page 4 of 5**

[* 4]

4 of 5

ADJUDGED that OneTeam Restoration Inc. is entitled to a default judgment on liability as against defendant Magella Construction Corp., with damages to be determined as necessary by an inquest upon resolution of this matter.

20260225163730LFRANKE40DD66D6EB4F3DBAFA74D297333950

**2/25/2026**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160601/2021 ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL**
**Motion No. 005**

Page 5 of 5

[* 5]